NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued September 24, 2018

Decided September 27, 2018

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 18-1204<br><br>JOSHUA MILLIGAN, by his legal guardian and conservator Susan Thomas,<br>    *Plaintiff-Appellant,*<br><br>        *v.*<br><br>ROCK ON THE RIVER, INC., *et al.,*<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 16-cv-498-jdp<br>James D. Peterson, *Chief Judge.* |

## Order

While attending the "Rock on the River" music festival just outside Prairie du Chien, Wisconsin, in 2013, Joshua Milligan was beaten and severely injured by another patron. This suit by Milligan's guardian seeks damages from the festival's sponsors under Wisconsin law—both the common law and Wis. Stat. §101.11. The litigants agree that recovery depends on showing that the sponsors were negligent in providing security for the patrons. Milligan tried to show negligence principally through the opinion of Russell Kolins.

Defendants contended that Kolins had not applied his skills and knowledge reliably to show either deficiencies in the festival's security or how any deficiencies led to Milligan's injury. The district court ruled that Kolins's opinion is inadmissible under Fed. R. Evid. 702 and that, without his opinion, the record would not permit a reasonable jury to find for Milligan. The court awarded summary judgment to the defendants. 2017 U.S. Dist. LEXIS 213195 (W.D. Wis. Dec. 29, 2017).

Rule 702(d) provides that an expert's evidence is admissible only if "the expert has reliably applied the [expert's] principles and methods to the facts of the case." The district court found Kolins's report deficient on that ground, because it announces conclusions without giving reasons for them. Appellate review of this ruling is deferential. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152–53 (1999); *General Electric Co. v. Joiner*, 522 U.S. 136 (1997). The district judge did not make a legal error in demanding reasons. "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Mid-State Fertilizer Co. v. Exchange National Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989). And the judge's application of Rule 702(d) to the facts is well supported.

Kolins stated that an event needs at least one security person per 250 patrons. This festival had one per 86 patrons, well above that standard. Kolins asserted that the layout of a venue, and other attributes of a festival, can require additional security but did not explain what made a ratio of 1 per 86 inadequate at *this* venue. Instead he criticized the defendants for not having a security detail on the scene of the attack—outside the porta potties in a campground, during (or perhaps at the end of) a concert. And it is true enough that having a numerically adequate security staff does not protect the patrons if the staff is poorly distributed. (Imagine if all 29 persons hired to safeguard this festival were off by themselves drinking beer when Milligan was attacked.) If the toilets at a festival were a known place of danger—compared with, say, the mosh pit at the concert, or compared with the entry areas where weapons could be confiscated—then the festival would need to make sure that it was guarded. But Kolins did not analyze the relative risks of the different areas within this 98-acre venue and did not provide either data or reasoning suggesting that the toilet area needed more attention and some other area less at the time of the attack. Indeed, Kolins did not relate that the toilet area had been the site of injury at this festival in other years, or that toilet areas are dangerous at other music festivals.

Kolins asserted that the security personnel did not do enough to identify and eject drunken patrons, but the record does not contain evidence that the attacker was drunk or that a reasonable security staff would have identified him as dangerous. Kolins also asserted that the festival should have supplied more lighting in the toilet area, but he did not explain why—he did not, for example, identify data showing the relation be-

tween lighting levels and the prevalence of injuries. Nor did he explain why it would have been sensible to put high-intensity lighting in a campground area designed for sleeping. All in all, it is difficult to avoid the district court's conclusion that the ratio of conclusions to reasons in Kolins's report was untenably high, making the report inadmissible. We agree with the judge that a reasonable jury could not rule in Milligan's favor without the aid of Kolins's testimony, which means that the judgment must be

AFFIRMED.